No. 7 — JAMES P. GUERRY, plaintiff in error, *vs.* THOMAS J. PERRYMAN and JOHN DENNARD, defendants in error.

[1.] If A, as heir of C, recovers of B, the administrator, a judgment for his distributive share, and afterwards sues D, as security on the administration bond, and gets a judgment for a less sum against him and collects the same, the first judgment is not merged in the latter; and the payment, in full, of the latter, does not operate as an extinguishment of the former, but as *satisfaction pro tanto only*.

In Equity from Sumter Superior Court. Tried before Judge Warren, November Term, 1846.

For the facts and circumstances of the case and the error assigned, see the decision of the Supreme Court.

SULLIVAN, GUERRY & HILL, for the plaintiff in error.

In support of plaintiff's equity, Mr. Hill cited *Mitchell* vs. *Oldfield*, 4 *Term R.* 123; *Simpson* vs. *Hart*, 14 *John. R.* 63.

The Court erred in overruling testimony, that the decree against Perryman was not read in evidence in the cause against Durham, but that the record thereof was rejected for misdescription. 1 *Greenl. Ev.* 570; *Seddon* vs. *Tutch*, 6 *Term R.* 608; *Webster* vs. *Lee*, 5 *Mass. R.* 334; *Ravee* vs. *Farmer*, 4 *Term R.* 146.

The Court erred in rejecting testimony offered to prove that Durham had been indemnified by Perryman, and in its charge to the jury. 1 *Greenl. Ev.* 563; 14 *John. R.* 81; *Crossland's Ex'r.* vs. *Murdock*, 4 *McCord*, 217; *Com. Dig. Estoppel B.*; *Shelton ads. Cureton Ordinary*, 3 *McCord*, 412; *Lyle* vs. *Caldwell, et. al.* 3 *McCord*, 225; 17 *Mass. R.* 482; 2 *Smith's Leading Cases*, 437; 1 *Bailey's R.* 348; 4 *Ala. R. (new series)* 430.

Brown for the defendant in error, replied and cited 1 *Chit. Pl.* 233; *Livingston* vs. *Bishop*, 1 *John. R.* 290; *Rawson* vs. *Turner*, 4 *John. R.* 470; *Drake* vs. *Mitchell, et. al.*, 3 *East's R.* 258; 6 *Wheeler's Amer. Com. Law*, 280, 287.

*By the Court*—Lumpkin, J. delivering the opinion.

James R. Lowery departed this life intestate, in 1836 or '7, leaving, as it is alleged, a considerable estate. James P. Guerry intermarried with Mary Ann Lowery, one of the daughters of the deceased, and thereby became entitled to a distributive share of the estate. Thomas J. Perryman took out letters of administration upon the estate of Lowery in the county of Twiggs; Hardy Durham and Reuben A. Nash uniting with him as his securities in a bond of seventy thousand dollars.

In a bill filed by Guerry and others of the legatees, against Perryman the administrator, to recover their share of the net surplus of Lowery's estate in his hands, there was found to be due Guerry in right of his wife, two thousand forty-eight dollars and sixty-four cents. Perryman absconded without satisfying· this decree, and suit was brought by Guerry and others of the heirs, against Hardy Durham, one of the securities in the administration bond, in a separate action. In this action, the jury found for Guerry only about eight hundred dollars.

In the course of Perryman's administration upon the estate of Lowery, Guerry became the purchaser of property at one of the sales, to the amount of nine hundred and eighty-eight dollars and fifty cents, for which he gave his three promissory notes to Perryman as administrator. An action has been brought in Sumter Superior Court upon these notes, in the name of Thomas J. Perryman the payee, for the use of John Dennard. To this action Guerry proposes to set off the balance of the decree in his favour against Perryman as administrator of Lowery, after deducting therefrom the amount collected by him in the suit on the bond against Durham the security. And he has filed his bill for the purpose of letting him into this defence.

[1.] Dennard the usee, in answer to the bill and by way of estoppel, insists that every liability of Perryman to Guerry, including the decree in his favour, was determined in the action on the bond against Durham the security. And that the recovery against Durham and satisfaction thereon, is a bar to Guerry's plea of set off.

Guerry *vs.* Perryman and Dennard.

On the other hand, it is contended by Guerry, that the only issue made in the suit on the bond, was the amount of Durham's liability as security; and that the previous decree against Perryman was not at all involved in the subsequent litigation.

After the pleadings and evidence were gone through, the Court charged the jury, that where there is a judgment against an administrator, in favour of an heir at law for his distributive share of an estate, that a subsequent judgment against the security on the administration bond, in favour of said heir, for his distributive share, is conclusive evidence of the amount due on the first judgment, at the time of the recovery of the second judgment, and that the payment of the latter, by the security, operates as a full discharge of the administrator from the first judgment, although the first judgment against the administrator be for a much larger sum than the second judgment against the security. To which charge, the defendant in the action at law below and complainant in the bill, excepted.

Was the objection to the instructions of the Court well taken? we consider the point a very plain one. In the case of *Bryant & Beall* vs. *Owen and wife,* 1 *Kelly R.* 355, this Court held that a decree against a guardian, (and the same doctrine applies to an administrator,) is only *prima facie evidence* of a devastavit as against the security, not conclusive; and that said decree was subject to be rebutted by counter-testimony in behalf of the security, who will be permitted to inquire *ab origine,* into the justice of the decree.

But while this decree is only *prima facie* evidence against the security, it is *conclusive* against the principal himself. Concede that it has been obtained by collusion between the heir and the administrator, while it is liable to be scrutinized and scaled by the security, the mouth of the principal is shut; he cannot gainsay the amount. And so far from its being law, that the recovery on the bond against Durham was *conclusive* of the amount owing by Perryman to Guerry at that time, *it is no evidence whatever of that fact.* On the contrary, the decree in favour of Guerry against Perryman, is the highest and only evidence of Perryman's indebtedness to Guerry. And the amount collected of Durham on the bond, is only a satisfaction *pro tanto* of the previous decree against the principal.

The judgment below must be reversed.